# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEROY COOK, JR., and ) 
KIMBERLY A. COOK )
          )
     Plaintiffs, )
          )
     v. )     C.A. No. N17C-03-208 JRJ
          )
J AND V TRUCKING COMPANY, )
INC., and J & V TRUCKING, INC., )
Jointly and Severally, )
          )
     Defendants. )

Date Submitted:    March 10, 2021
Date Decided:      March 17, 2021
Date Modified:     April 28, 2021[1]

## ORDER

1. On July 6, 2020, the Court approved the Second Amended Trial Scheduling Order.[2] That scheduling order established a discovery cutoff of November 20, 2020 and a dispositive motion deadline of November 30, 2020.[3]

2. On November 30, 2020, Defendant J and V Trucking Company, Inc. filed a Motion for Summary Judgment, which is now pending before the Court.[4] On

---

[1] As discussed during the April 28, 2021 teleconference with counsel, the Court modifies this Order to eliminate discussion pertaining to the award of attorney's fees and costs to Defendant in connection with its preparation and presentation of its Motion for Summary Judgment. The Court has decided that imposing this sanction on Plaintiffs is unwarranted given the particular circumstances.

[2] Trans. ID. 65745992.

[3] *Id.*

[4] Trans. ID. 66145588. Although J and V Trucking Company, Inc., and J & V Trucking, Inc. have been named as separate corporate entities, only Defendant J & V Trucking Company, Inc. is

the same day, the Court issued a briefing schedule, which required Plaintiffs to file their Response by December 30, 2020.[5] On January 11, 2021, the parties filed a stipulation to extend Plaintiffs' deadline to January 25, 2021.[6] The Court approved that stipulation on January 12, 2021.[7]

3. In accordance with the stipulation, Plaintiffs filed their Response on January 25, 2021.[8] They included three exhibits: Exhibits "A," "B," and "C."[9] Relevant here, Exhibit C comprises a number of Pennsylvania and Delaware criminal dockets that purport to show Cruz Garcia's criminal history.[10] Timestamps on the docket show that the dockets were obtained on January 22, 2021.[11]

4. On February 8, 2021, Defendant filed its Reply.[12] It noted that the criminal dockets "were never produced during the discovery period."[13] For this reason, Defendant argued that the criminal dockets "are not in the record to be considered by this Court in determining the motion for summary judgment."[14] Seeking additional information about this matter, the Court asked Plaintiffs to

---

represented in this matter. *See* Trans. ID 60729787; Trans. ID 60902793. The Court assumes that both corporate entities have identical interests and will therefore treat both entities as one.

[5] Trans. ID. 66146187.

[6] Trans. ID. 66242680.

[7] Trans. ID. 66246255.

[8] Trans. ID. 66280763.

[9] *Id.*

[10] *Id.*

[11] *Id.* The Delaware criminal dockets contain the notation "as of 1/22/2021." The Pennsylvania criminal dockets contain the notation "Printed: 01/22/2021." *Id.*

[12] Trans. ID. 66318828.

[13] *Id.* at 2, ¶ 2.

[14] *Id.*

identify when they requested the criminal dockets and to state whether they immediately produced the dockets to Defendant.[15]

5. On March 10, 2021, Plaintiffs filed their response.[16] They explained that they conducted a search of Garcia's Delaware criminal history around the time that they filed their original Complaint: March 20, 2017.[17] Plaintiffs took handwritten notes of the information that they discovered, but they did not disclose the information to Defendant; they reasoned that the information was a matter of public record and, therefore, was readily available to Defendant.[18] On January 15, 2021, Plaintiffs commissioned O'Rourke Investigative Associates.[19] Plaintiffs "engaged O'Rourke . . . to acquire Cruz's criminal dockets from Delaware, Maryland[,] and Pennsylvania."[20] O'Rourke returned the dockets to Plaintiffs on January 22, 2021.[21] Finally, on January 25, 2021, Plaintiffs filed their Response, attaching the dockets that they deemed relevant.[22]

6. It is undisputed that the criminal dockets were produced after the discovery cutoff. Nonetheless, the Court will consider the dockets in resolving the pending Motion for Summary Judgment. Because the trial is not until June 14, 2021,

---

[15] Trans. ID. 66385397.
[16] Trans. ID. 66407173.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*

3

Plaintiffs' untimely production of the criminal dockets should not prejudice Defendant in preparing for trial.[23]

7.      Still, the Court recognizes that Plaintiffs' untimely production of discovery affected the Motion for Summary Judgment and cost Defendant time and money.  Defendant moved for summary judgment reasonably believing, based on the Court's order, that the discovery period had closed.  And Plaintiffs could have, but did not, timely move to extend the discovery period before the dispositive motion deadline passed.

**WHEREFORE, IT IS HEREBY ORDERED** that Garcia Cruz's criminal dockets, though produced after the discovery cutoff, may be considered for purposes of resolving Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

*Jan R. Jurden*

_____
Jan. R. Jurden, President Judge

---

[23] The trial date is June 14, 2021.  Trans. ID. 65745992.